UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH HERSHEY, #255571,

    Plaintiff,

v.

UNKNOWN HARWOOD, et al.,

    Defendants.
_____/

Case No. 2:23-cv-158

Hon. Hala Y. Jarbou
Chief U.S. District Judge

**REPORT AND RECOMMENDATION**

## I.  Introduction

This Report and Recommendation (R. & R.) addresses Plaintiff's motion for summary judgment (ECF No. 28).

Plaintiff — state prisoner Kenneth Hershey — filed suit pursuant to 42 U.S.C. § 1983 on August 17, 2023. (ECF No. 1.) In his complaint, Hershey alleges that Muskegon City Police (MCP) Officers violated his Fourth and Fifth Amendment rights by entering his home, and searching his home without a warrant. (*Id.*, PageID.3-5.) Hershey proceeds *in forma pauperis*. (ECF No. 5, PageID.27.)

Hershey now moves for summary judgment. (ECF No. 28.) Defendants do not respond. In his motion, Hershey largely restates the factual allegations set forth in his complaint in addition to the elements of his claims. Hershey does not establish the absence of genuine issues of material fact, or that he is entitled to judgment as a

matter of law. The undersigned therefore respectfully recommends that the Court deny Hershey's motion for summary judgment.

## II.     Factual Allegations

The circumstances underlying Hershey's complaint are not exceptionally clear.

Hershey alleges that on August 5, 2021, the Muskegon City Police (MCP) came to his home in order to "let Jennifer Collins out of [the] home." (ECF No. 1, PageID.3.) Hershey says that Collins was unharmed at the time. However, Collins allegedly returned to Hershey's home on August 6, 2021, with the intent to steal from Hershey. (*Id.*) Once again, the police came to Hershey's home.

Hershey says that he and Collins spent several hours talking to the police through a broken window. (*Id.*) During that time, the officers could see that Collins was unharmed, and that Hershey was not holding her against her will. Nevertheless, at approximately 5:30 p.m., Sergeant (Sgt.) Harwood arrived and ordered his officers to enter the home and detain Hershey. (*Id.*) Hershey says that he had not granted the officers permission to enter the home, and that they did not have a warrant. Hershey suspects that the officers were tired of waiting, and that they wanted to resolve the matter prior to their 6:00 p.m. shift change. (*Id.*) As such, Sgt. Harwood allegedly "created an emergency" to give rise to the entry and subsequent search of Hershey's home—seemingly that Jennifer Collins had been harmed or was in danger of harm. (*Id.*, PageID.3-4.) But Hershey says that Collins was taken to the hospital after the incident, and that all of her tests came back normal.

2

After Sgt. Harwood gave the order to enter Hershey's home, Hershey alleges that MCP officers began busting through his windows and kicking in his door. (*Id.*, PageID.3.) Hershey was apparently tazed, arrested, and held in custody for 108 days. (*Id.*, PageID.4.) Hershey alleges that MCP officers took over 70 photographs of his home, and that they left his home unlocked when they left. (*Id.*, PageID.3-4.) Hershey says that when he was finally released from custody, all of his belongings were gone. (*Id.*, PageID.4.)

### III.  Analysis

Hershey purports to move for summary judgment in accordance with Federal Rule of Civil Procedure 56(a). (ECF No. 28, PageID.89.) Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The problem with Hershey's motion is that he does not support it with any sworn statements or other evidence. Hershey's complaint was not verified. Nor is any other statement on the record. And while Hershey appears to have attempted to verify his motion for summary judgment, that attempt was both inappropriate and unsuccessful.

> Section 1746 of Title 28 of the United States Code provides:
>
> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> > (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".
>
> . . . .

Hershey began his motion by stating: "Now comes Kenneth Hershey in-pro-per, Plaintiff in the above captioned cause hereby depose and state the following: If sworn as a witness to testify I can testify competently to the set facts herein." (ECF No. 23, PageID.89.) Hershey did not subscribe any statement as true under the penalty of perjury. Furthermore, Hershey's motion for summary judgment contains legal arguments and conclusions that cannot be verified as fact.

## IV.     Recommendation

The undersigned respectfully recommends that the Court deny Hershey's motion for summary judgment (ECF No. 28) because Hershey does not support his motion with any verified statements or other evidence, and therefore has not established the absence of genuine issues of material fact, or that he is entitled to judgment as a matter of law.

Dated:  March 12, 2024                             /s/ *Maarten Vermaat*
                                                                       MAARTEN VERMAAT
                                                                       U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).