UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH HERSHEY,

    Plaintiff,

v.

UNKNOWN HARWOOD, et al.,

    Defendants.
_____/

Case No. 2:23-cv-158

Hon. Hala Y. Jarbou

## ORDER

On January 8, 2025, the magistrate judge entered a report and recommendation ("R&R," ECF No. 58) proposing that summary judgment be entered against Plaintiff on all his claims. Plaintiff secured an extension to file objections to the R&R (ECF No. 59), which he submitted on February 25. (Objs., ECF No. 64.) Defendants' response contends that Plaintiff's objections are meritless and should be overruled. (Defs.' Resp. 10, ECF No. 65.) Plaintiff's objections do not engage with the R&R and instead largely reiterate the arguments raised without success in his opposition to Defendants' motion for summary judgment. In fact, it appears that Plaintiff only refers to the R&R at the beginning and the end of his filing. After undertaking a de novo review of the R&R and the underlying record, Fed. R. Civ. P. 72(b)(3), and extending to Plaintiff, who is proceeding pro se, all due indulgence, *Johnson v. Trott & Trott, P.C.*, 829 F. Supp. 2d 564, 571 (W.D. Mich. 2011), the Court finds no error in the magistrate judge's findings and conclusions. The Court therefore adopts the R&R as its own opinion on almost all points and dismisses the complaint.

    A.    **Defendants' Warrantless Entry Was Justified**

A number of Plaintiff's objections concern the warrantless entry into his home. Plaintiff asserts that the R&R's finding the entry to be justified under the exigent-circumstances exception

to the Fourth Amendment's warrant requirement, was not justified because Defendants needed "positive proof" of an emergency, not just a suspicion of one, to justify their forcing their way into his home.  He further asserts, without evidence, that Defendants "fabricated" the exigency in question.  (Objs. 3.)

Plaintiff's arguments both fail.  To begin, it is well settled that a risk of danger to the police or others is an exigent circumstance permitting warrantless entry into a home.  *See United States v. Johnson*, 22 F.3d 674, 680 (6th Cir. 1994).  Whatever "positive proof" might amount to in this context, whether a risk of danger justifies entry into a home is evaluated based "the totality of the circumstances and the inherent necessities of the situation at the time."  *United States v. Huffman*, 461 F.3d 777, 783 (6th Cir. 2006) (quoting *United States v. Rohrig,* 98 F.3d 1506, 1511 (6th Cir. 1996)).  It is not necessary for the police to have "definitive information" for them to reasonably believe in a "potential for injury to [themselves] or others and [a] need for swift action" authorizing entry.  *Id.* at 785.  Such an entry is constitutionally sound even if "the reasonable concerns of the officers were not substantiated after-the-fact."  *Id.*  Here, the evidence establishes beyond genuine dispute that Defendants had strong grounds for believing that Jessica Collins was at serious risk of imminent injury.  Defendants were summoned to Plaintiff's apartment by a report of domestic violence occurring inside, and Defendants' body cameras captured the evidence that convinced them the danger to Collins was unabated: the footage records Collins's increasingly distressed cries for help, Plaintiff's utter refusal to comply with police demands to allow Collins to speak with Defendants, Plaintiff's menacing threat (either to Collins or the police) to "say a prayer" (ECF No. 47, Exhibit O, at 17:47:45), and Plaintiff's physical restraint of Collins on the floor of his kitchen.  These circumstances mirror precisely those that the Supreme Court has held justify invoking the risk-of-danger exception: police officers' "responding to a report of a disturbance" at

a home and "see[ing] violent behavior inside." *Michigan v. Fisher*, 558 U.S. 45, 48 (2009), *quoted in Williams v. Maurer*, 9 F.4th 416, 435 (6th Cir. 2021).  Defendants had all the proof they needed to enter Plaintiff's home.

By the same token, Plaintiff's contention that Defendants somehow fabricated the exigency they relied on to force entry is baseless.  Defendants tried to reason with Plaintiff for more than half an hour, with Collins whimpering and moaning on and off while they were present, before forcing open Plaintiff's window and then breaking down his door.  Those actions were prompted by the sharp escalation in Collins's distress evidenced by the tone and volume of her vocalizations. (ECF No. 47, Exhibit O, at 17:45:15.)  Defendants did nothing to precipitate these circumstances: their only contribution to events was responding to a 911 call reporting an incident of domestic violence and asking to speak with the victim.  *See Ewolski v. City of Brunswick*, 287 F.3d 492, 505 (6th Cir. 2002) ("When an officer observes facts giving rise to exigent circumstances in the course of such a consensual encounter, it usually cannot be said that the officer impermissibly 'created' the exigent circumstances.").  That conclusion would not be undermined even if, as Plaintiff alleges, Defendants sought and failed to obtain a warrant before entering Plaintiff's home (Objs. 1), because the circumstances justifying the entry were present at the time it was made.  The record attests to no reason for the timing of Defendants' entry into Plaintiff's home other than Plaintiff's conduct alone.

### B. Defendants Did Not Subdue Plaintiff with Excessive Force

Plaintiff further objects that the force to which police subjected him was unavoidably excessive because the warrantless entry into his home was unjustified. (Objs. 1.)  This objection fails because exigent circumstances did in fact justify Defendants' entry into Plaintiff's home. And although Plaintiff does not raise this objection, the Court agrees with the R&R's finding that Defendants used an appropriate amount of force to effectuate Plaintiff's arrest.  Factors considered

in reaching this determination are "the severity of the crime" Plaintiff was committing, the threat Plaintiff posed to "the safety of the officers or others," and Plaintiff's "actively resisting arrest." *Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010) (quoting *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001)). Plaintiff's continued pinning of Collins underneath him after the police stormed into his home, when combined with Plaintiff's failure to comply with numerous demands to show officers his hands, Plaintiff's right hand being hidden behind a kitchen towel, and officers' awareness of reports that Plaintiff was armed, was more than sufficient to justify Plaintiff's tasing.

### C.  Defendants Are Not Liable for Malicious Prosecution

Plaintiff's objection that Defendants unlawfully contributed to a prosecution maliciously instituted against him fails because there was probable cause for believing that Plaintiff committed the crimes with which he was charged, *see White v. Rockafellow*, 181 F.3d 106 (6th Cir. 1999) (unpublished table decision), namely unlawful imprisonment, domestic violence, and resisting arrest. (Objs. 4.) Again, the unrefuted video evidence shows that Plaintiff was physically restraining Collins when he was arrested and that Plaintiff ignored Defendants' repeated lawful demands to show his hands. Under these circumstances, it cannot be said that the underlying Muskegon County prosecution lacked probable cause, so Defendants' contribution to the same was not unlawful.

### D.  Plaintiff's Other Objections Are Meritless

Finally, Plaintiff objects to the recommended dismissal of his municipal liability claim against the City of Muskegon and granting of qualified immunity to the officer Defendants. Plaintiff presents no argument in support of these objections and does little more than recite the applicable legal standards. The Court considers these objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937–38 (E.D. Mich. 2004).

\*  \*  \*

Although Plaintiff's objections are all overruled, the Court declines to accept the magistrate's recommendation that Plaintiff be ordered to show why he should not be sanctioned under Federal Rule of Civil Procedure 11. In light of the overall disposition of the case, the Court will not opine on the frivolousness of Plaintiff's claims and declines to sanction Plaintiff at this time.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 58) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** as to all Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 57) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal from this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

The Court will issue a judgment consistent with this Order.

Dated: March 13, 2025          /s/ Hala Y. Jarbou
                               HALA Y. JARBOU
                               CHIEF UNITED STATES DISTRICT JUDGE